**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD HERRICK,

          Plaintiff-Appellant,

v.

KEVIN QUIGLEY; et al.,

          Defendants-Appellees.

No.   17-35042

D.C. No. 3:15-cv-05016-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 7, 2018
Seattle, Washington

Before: THOMAS, Chief Judge, and McKEOWN and CHRISTEN, Circuit
Judges.

Donald Herrick, a pre-adjudication civil detainee at the Washington State

Special Commitment Center ("SCC"), filed this pro se action pursuant to 42 U.S.C.

§ 1983 alleging that several of the SCC's policies violate his First and Fourteenth

Amendment rights. The district court granted summary judgment in favor of all

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

defendants on all of Herrick's claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.      Herrick's First Amendment Claims. Herrick is awaiting a hearing to determine whether he will be deemed a sexually violent predator, and he is detained in a "total confinement facility[.]" Wash. Rev. Code 71.09.040(4). We apply the familiar framework outlined in *Turner v. Safley*, 482 U.S. 78 (1987), to his First Amendment claims. Our application of *Turner*, however, is complicated by the sparse record. While we apply "the requirements of the summary judgment rule with less than strict literalness" when evaluating a pro se prisoner's claims, *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.4 (9th Cir. 1986) (internal quotation marks omitted), we cannot stitch together Herrick's arguments from whole cloth. It is difficult to evaluate whether the internet policy or the Alder Unit computer ban

---

[1]      Because the parties are familiar with the facts and arguments on appeal, we recite them only as necessary.

are reasonably related to Herrick's treatment plan because the record only includes what appear to be two addenda to his treatment plan.[2]

Nevertheless, we conclude that the first *Turner* factor—whether there is a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it"—weighs in the State's favor. *Turner*, 482 U.S. at 89 (quoting *Block v. Rutherford*, 468 U.S. 576, 586 (1984)). The State has valid security interests in managing internet and computer access for detainees in a total confinement facility of this nature, and the challenged policies are reasonably related to that interest. Herrick has not shown that the remaining *Turner* factors weigh in his favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). In sum, we

---

[2]    To the extent that Herrick asserts a facial challenge to the SCC's policies, we find his argument even less persuasive because the SCC clearly has valid therapeutic reasons for denying internet and computer access to detainees on the basis of their treatment requirements. To prevail in a facial challenge based on the First Amendment, a plaintiff must either demonstrate that "no set of circumstances exists under which [the regulation] would be valid," or that "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 472–73 (2010) (internal quotation marks omitted). Herrick has not satisfied either test.

conclude that the district court did not err when it granted summary judgment on Herrick's First Amendment claims.

2.      Herrick's Substantive Due Process Claims.  Although we ordinarily are "reluctant to expand the concept of substantive due process" where a textual constitutional provision provides a more specific basis for relief, *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (internal quotation marks omitted), a civil detainee's right to be free from conditions that amount to punishment is a well-established right protected by the substantive due process guarantee.  *See, e.g.*, *Jones v. Blanas*, 393 F.3d 918, 932 (2004).  Assuming that the circumstances here give rise to First Amendment claims as well as substantive due process claims challenging Herrick's conditions of confinement, the district court did not err by granting summary judgment in defendants' favor on Herrick's claims arising from the SCC internet ban and the Alder Unit computer ban.  "[P]unitive conditions may be shown . . . where the challenged restrictions serve [a] non-punitive purpose but are nonetheless 'excessive in relation to [that] purpose[.]'" *Id.* (quoting *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004)).  When "a SVP[] detainee is confined in conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held, we presume that the detainee is being subjected to 'punishment.'" *Id.*  Similarly, "when an individual awaiting SVP[] adjudication is

4

detained under conditions more restrictive than those the individual would face following SVP[] commitment, we presume the treatment is punitive." *Id.* at 933. These presumptions, however, have little utility for present purposes. The record does not show that pre-trial criminal detainees in Washington have access to personal computers or the internet, or that Herrick would have such access after adjudication. Ultimately, we are not persuaded that the SCC's policies are "excessive in relation" to the plainly non-punitive purposes of preserving institutional security and the therapeutic environment. *Id.* at 932.

3.      Herrick's Procedural Due Process Claim. The district court concluded that Herrick lacked a protected interest in the personal computer he purchased after moving off Alder Unit. We agree with the district court's alternative ruling: assuming Herrick had a protected liberty or property interest in his personal computer, he received all the process he was due. Applying *Mathews v. Eldridge*, 424 U.S. 319 (1976), we are particularly mindful of the government's interest in quickly identifying illegal or inappropriate use of technology and preventing its further abuse in a facility of this nature. This interest, weighed against Herrick's necessarily circumscribed interest in his personal property within the SCC's institutional setting, supports the adequacy of the process here. Herrick was provided with an opportunity to hear the allegations against him, to appear in

person at a hearing, and to present his version of events.  The Constitution does not demand more.

**AFFIRMED.**